# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| WILLIE A. COACH, )<br>　　Plaintiff, )<br>　)<br>v. )　　　　　No. 16-cv-2462-STA-tmp<br>　)<br>BARDETT, LLC, )<br>　　Defendant. )<br>　) | |

## ORDER DENYING MOTION TO CONSOLIDATE

Before the Court is Defendant's Motion to Consolidate, filed November 30, 2016. (ECF No. 15.) Plaintiff filed his Complaint on June 17, 2016, alleging racial discrimination based on his termination by Defendant. (ECF No. 1.) On the same date, Tommy Walker filed a similar action, currently pending before Judge Sheryl H. Lipman, also alleging racial discrimination based on his termination by Defendant. (Walker Compl., ECF No. 15-2.) Defendant argues that, because the two cases contain common issues of law and fact, the Court should consolidate the cases. While Plaintiff indicated in the Certificate of Consultation that he opposed the Motion, he did not file a response.

Federal Rule of Civil Procedure 42 permits the Court to consolidate multiple actions where they "involve a common question of law or fact." The Court has broad discretion to consider whether to consolidate cases. *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Amongst the factors a Court may consider are:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 7776 F.2d 1492, 1495 (11th Cir. 1985)).

Here, while there are common questions of law and fact amongst Plaintiffs' actions, there will also likely be distinct factual allegations, given that the actions involve two individual Plaintiffs. There is some risk of prejudice or confusion in trying two individuals' discrimination cases in one action where there are two separate sets of circumstances leading to each individual's termination. Given that the cases are proceeding under similar schedules, the Parties should be able to consolidate discovery such that much of the expenses of potentially duplicative litigation will not need to be expended, even though the cases will proceed separately.

The factors to be considered weigh against consolidation. Defendant's Motion to consolidate is hereby **DENIED**.

**IT IS SO ORDERED,** this 4th day of January, 2017.

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE